UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x   08 Civ. 1043(SCR)

THE ANNUITY, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS of the                              ANSWER
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, ROBERT SHAW, RUSSEL SHAW
and CHRISTOPHER WARD, and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A and 15D, AFL-CIO,

                Plaintiffs,

    -against-

ON-PAR CONTRACTING CORP.,

                Defendants.
------------------------------------------------------------------------x

        Defendant, On-Par Contracting Corp. ("On-Par"), by its attorneys, Georgoulis & Associates PLLC, hereby responds to plaintiffs' complaint in the above-captioned matter as follows:

    1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of plaintiffs' complaint.

    2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of plaintiffs' complaint.

    3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of plaintiffs' complaint.

    4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of plaintiffs' complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of plaintiffs' complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of plaintiffs' complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of plaintiffs' complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of plaintiffs' complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of plaintiffs' complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of plaintiffs' complaint.

11. Denies each and every allegation contained in paragraph "11" of plaintiffs' complaint, except admits only that On-Par is a New York corporation.

12. Denies each and every allegation contained in paragraph "12" of plaintiff's complaint.

13. Denies each and every allegation contained in paragraph "13" of plaintiffs' complaint.

14. Denies each and every allegation contained in paragraph "14" of plaintiffs' complaint.

### IN RESPONSE TO THE FIRST CAUSE OF ACTION

15. On-Par repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

16. Denies each and every allegation contained in paragraph "16" of plaintiff's complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiffs' complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of plaintiffs' complaint.

19. Denies each and every allegation contained in paragraph "19" of plaintiffs' complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of plaintiffs' complaint.

21. Denies each and every allegation contained in paragraph "21" of plaintiffs' complaint.

22. Denies each and every allegation contained in paragraph "22" of plaintiffs' complaint.

## IN RESPONSE TO THE SECOND CAUSE OF ACTION

23. Defendant repeats, reiterates and realleges each and every response contained in the foregoing paragraphs as if set forth more fully herein.

24. Denies each and every allegation contained in paragraph "24" of plaintiffs' complaint.

25. Denies each and every allegation contained in paragraph "25" of plaintiffs' complaint.

26. Neither admits nor denies the allegations contained in paragraph "26" of plaintiffs' complaint and refers all statements of law to this Court.

27. Denies each and every allegation contained in paragraph "27" of plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or upon which the relief sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. Some or all of the claims set forth in the Complaint are barred based on plaintiffs' failure to give notice as required by statute and/or contract.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. Plaintiffs' complaint is barred, in whole or in part, by the statue of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Plaintiffs' first cause of action is barred because any responsive records and documents are not in On-Par's custody and/or control and any production by On-Par is impossible and due to no fault of On-Par. Upon information and belief, the records and information sought are in the exclusive possession of the United States Attorney's Office and are not currently accessible by On-Par.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. Plaintiffs' claim is barred, in whole or in part, based on the fact that On-Par has not employed any union workers since on or about May 28, 2006.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. All conditions precedent to suit have not been complied with and/or plaintiffs are barred by their election of an administrative remedy.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. Some or all of the plaintiffs' claims are barred by plaintiffs' failure to mitigate its alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. On-Par reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

**WHEREFORE**, defendant On-Par demands judgment dismissing the complaint, together with costs, disbursements and attorneys' fees of this action.

Dated: New York, New York
       February 21, 2008

                                      Michael McDermott
                                      GEORGOULIS & ASSOCIATES PLLC
                                      Attorneys for Defendant
                                      45 Broadway, 14th Floor
                                      New York, New York 10006
                                      (212) 425-7854

TO:   Brady McGuire & Steinberg, P.C.
       Attorneys for Plaintiffs
       603 Warburton Avenue
       Hastings-on-Hudson, New York 10706
       (914) 478-4293

u:\2008 cases\08-116\ans\20080220 answer.doc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```
THE ANNUITY, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS         **08 Civ. 1043 (SCR)**
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, ROBERT SHAW, RUSSEL SHAW
and CHRISTOPHER WARD, and JOHN and JANE DOE,        ***AFFIDAVIT OF SERVICE***
as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A and 15D, AFL-CIO,

        Plaintiffs,

 -against-

ON-PAR CONTRACTING CORP.,

        Defendants.
```
------------------------------------------------------------------X
```

STATE OF NEW YORK  )
         ) SS.
COUNTY OF NEW YORK )

  I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside in New York, New York. On February 22, 2008, I served the within *NOTICE OF DEPOSITION* by mailing a copy to each of the following persons by First Class Mail at the last known address set forth after each name.

TO: Brady McGuire & Steinberg, P.C.
   *Attorneys for* Plaintiff
   603 Warburton Avenue
   Hastings-on-Hudson, New York 10706

            _____
            Elizabeth Simmonds

Sworn to before me this
22nd Day of February, 2008

_____
Notary Public